JOHN M. GOODENOUGH v. ANDREW J. HUFF.

*Note. Pleading. Practice. Statute of Limitations. Special Verdict. Waiver. Variance. Evidence.*

Action on note ; pleas, general issue, and Statute of Limitations ; two special questions submitted to the jury, as to *when* the note was signed, and its amount ; verdict for plaintiff ; but judgment for the defendant on the ground that no legal consideration was proved. *Held*, error.

1. That the pleas put in issue not only the time, when the note was signed, &c., but also the consideration.

2. That the consideration of the note, with the other questions, should have been submitted to the jury.

3. If there was any evidence tending to prove it, the plaintiff had a right to have it left to the jury; and he did not waive his right by not specially requesting the court to have this included in the verdict.

4. When the count sets out as the consideration for signing the note, *forbearance to sue*, and the evidence is in effect that the plaintiff was "pressing" the maker of the note, &c., for pay; *held* that the evidence was not so variant, but that it should have been submitted to the jury.

THIS case was heard at the September Term, 1880, Ross, J., presiding. This was an action of assumpsit, in two special and the general counts. Pleas, the general issue, and Statute of Limitations. Replication, *similitur* to the general issue, and to the plea of the Statute of Limitations, a general traverse that the cause of action did accrue within six years, &c. The declaration, pleas and motions were part of the exceptions.

The plaintiff introduced in evidence a promissory note dated March 18, 1869, signed by Benjamin F. Huff, John Huff and the defendant. It appeared that the defendant and said Benjamin F. and John Huff were brothers. The plaintiff also introduced

evidence tending to show that the defendant did not sign the note in question at its date, nor when it was originally executed and delivered, and was in no wise a party to the note, or to the transaction of the giving of the note until after the year 1875. The plaintiff testified as follows :

I had been pressing for payment of Benjamin F. Huff. I had promise of payment from him on several occasions ; didn't get it. I was pressing for payment or better security. Benjamin F. Huff got him (the defendant) to sign it. I did not see him sign it.

And this was all the evidence which was introduced bearing upon the question how the defendant came to sign the note, if he signed it as the plaintiff claimed, or upon the question of there having been any consideration for such signing by the defendant. There was no evidence introduced tending to show that the plaintiff had ever threatened Benjamin F. with a suit upon the note, or that any further time, or forbearance to sue, had been promised in consideration of the defendant's signing the note. The plaintiff's testimony also tended to show that after the defendant signed the note in question, he had on two or three occasions said to the plaintiff, in speaking of the note, " That his brothers ought to be good for it, and he would see them and have it fixed up." The testimony was uncontradicted, and no question was made but that when the defendant signed the note, it had been kept alive by endorsements, and was in full force against Benjamin F. Huff, nor was any question made but that John Huff was liable thereon.

The defendant's evidence tended to show that he signed the note as surety for his brothers at the time of its date, and that he had never since that time had anything to do about it, or in any way promised to pay it. No evidence was given of any renewal of the note, by new promise or otherwise, by the defendant if he signed it when it was originally made and dated, and it was treated by both parties, and by the court, without objection on the trial, as barred by the Statute of Limitations, if the defendant signed it when it was originally given.

The defendant requested the court to direct a verdict for him, because if the defendant signed the note, as claimed by the plaintiff, it appeared that such signing was without consideration, and

if the signing was as claimed by the defendant, then on the uncontradicted evidence the note was outlawed; and as a further ground, that there was a fatal variance between the evidence and declaration; but the court submitted to the jury only the questions, when the defendant signed his name to the note, and the amount due thereon. Neither party objected to the court's submitting the special questions rather than a general verdict, nor did they claim that any other questions were in dispute, on the evidence that was necessary for the determination of the case. The jury returned nothing but a special verdict. After verdict and before judgment the defendant filed a motion in arrest of judgment, and that judgment be rendered for the defendant. The court rendered judgment for the defendant on the undisputed facts as shown by the plaintiff's testimony, if the defendant signed the note when he claimed, and the jury found he did, and verdict, to which the plaintiff excepted.

The following is a copy of the special verdict:

### SPECIAL VERDICT:

The jurors upon their oaths find that the defendant did place his name upon said note within six years previous to Feb. 18, 1880. (Signed by foreman.)

The jurors further find that there is due on said note, this 21st day of Sept. A. D. 1880, the sum of $454.08 Dollars.

(Signed by foreman.)

The first special count was the ordinary form of declaration against defendant, as maker of a note, dated March 18, 1869, for $350.

The second special count alleged that B. F. Huff paid upon said note $160.35, on the first day of October, 1874; that there was a valid consideration for the note; that, on the first day of October, 1875, the defendant signed the said note, and that the consideration for the defendant's signing was, that the plaintiff would forbear bringing suit on the note, for a reasonable time against defendant's brothers. After verdict, the defendant filed a motion in arrest of judgment, claiming, that the plaintiff's evidence did not prove or tend to prove any consideration for defendant's signing the note; that it did not show such a contract as was set

out in the declaration ; that the jury have not found that the defendant did assume and promise, &c. ; that the special verdict does not show facts enough to entitle the plaintiff to a judgment ; that the jurors have not assessed the damages ; and that the verdict does not purport to decide the issues of fact made by the pleadings.

*Ormsbee & Briggs*, for the plaintiff.

The judgment of a court must always be from the face of the record itself. Tidd's Practice, 917 ; Gould's P. ch. 10, s. 58. When the issues made in a case are all found for the plaintiff, the defendant cannot have a judgment *non obstante verdicto*. *Stoughton* v. *Mott*, 15 Vt. 162. When the verdict does not find facts sufficient to sustain a judgment, it is a mistrial, and the case should be sent back for a new trial. *Kintz* v. *McNeal*, 1 Denio, 436 ; *Barnes* v. *Williams*, 11 Wheat. 415 ; *Davis* v. *Judge*, 44 Vt. 500 ; *Beach* v. *Button*, Rutland Co., 1879 or 1880. If the special verdict is defective, the court cannot add to it by reference to the evidence. *Seward* v. *Jackson*, 8 Cowen, 406 ; Graham & Waterman on New Trials, 1414. The court cannot try a part of the facts, and the jury a part. *Beach* v. *Button*, *supra*. As to the consideration of the note ; it is immaterial *when* defendant signed it. Chitty on Bills, 83, 84 ; Byles on Bills, 193, n. ; *Howe* v. *Fuller*, 6 N. H. 511.

*J. B. Phelps*, for the defendant.

1. The declaration alleged a promise, the consideration of which was, forbearance to sue ; the evidence showed no such thing. There was no consideration for defendant's signing. Bouv. Dic., Title, Consideration ; *Jones* v. *Ashburnham*, 4 East, 455 ; 8 Johns. Rep. 23. The consideration for the original debt will not attach to the subsequent promise. *Harding* v. *Cragie*, 8 Vt. 501 ; *Rix* v. *Adams*, 9 Vt. 233 ; *Williams* v. *Nichols*, 10 Gray, 83 ; Byles on Bills, 124 ; *Packard* v. *Richardson*, 17 Mass. 123 ; *Mallory* v. *Gillet*, 21 N. Y. 412.

2. Not facts enough in special verdict to base judgment on for plaintiff. *Beach* v. *Button*, Rutland Co. Sup. Ct. 1880. What is not found by the jury is supposed not to exist. Proffatt

on Jury Trials, sec. 436 ; facts cannot be supplied. Proffatt on J. T. s. 437, 438. On *what* note did defendant place his name ? From *whom* is the $454.08 due ? The verdict is silent as to these and other questions. The verdict does not show but that the statute has run on *this* note.

3. Defendant entitled to judgment. If plaintiff is not entitled to judgment, it follows that the defendant is. Plaintiff cannot raise any new question in this court. *Dana* v. *Lull*, 21 Vt. 383.

The opinion of the court was delivered by

ROYCE, J. The plea of the general issue put in issue the fact, when the defendant made the promise alleged in the second special count, and the consideration for making it. The court only submitted to the jury to find when he made the promise by executing the note that was put in evidence, and the amount due upon it.

It was incumbent on the plaintiff to show a legal consideration to support the promise,—and if he introduced any evidence tending to show such a consideration for the promise as is alleged in the declaration, it was his right to have it submitted under proper instructions to the jury. We think the evidence of the plaintiff did so tend, and that it was not so variant from the allegations in the declaration as to justify the court in neglecting or refusing to submit the fact which it tended to show to be passed upon by the jury. The plaintiff did not waive that right, by not requesting that it should be submitted. The issue was made by the pleadings and the evidence, and it was the duty of the court to have submitted that issue to be found by the jury, without any specific request or claim made that he should do so.

The judgment is reversed, and cause remanded.